ANDERSON, J.,
delivered the opinion of the court.
The appellees, who are heirs of George Penn, and residents of Louisiana, inherited from their said ancestor two tracts of land, one of one hundred and thirty acres, and the other .of one hundred and thirty-eight *acres, situate in the county of Carrol, in this state, adjoining each other, upon which they had tenants, who regularly paid the taxes on them up to the year 1858. In the 3rear 1860, the tract of one hundred and thirty acres, which had been returned delinquent, was sold for the taxes of 1858 and 1859, amounting to $3.93, and E.- L. Hale became the purchaser for the said arrearage of tax and all other charges upon it, amounting in all to $4.37.
The plaintiffs, soon after they were informed that the said tract of one hundred and thirty acres had been sold for taxes, which they supposed had been paid by their tenants as theretofore, in order to redeem their land, paid to the clerk of the county of Carrol, through their attorney, $7.72, being the amount paid by the said Hale, with ten per cent, interest thereon. The court is of opinion that they had the right to redeem their land at that time by paying the amount for which the same was sold, and such additional taxes thereon as may have been paid by the purchaser, with ten per cent, interest thereon from the time the same was paid by the purchaser, the sale having been made more than three years prior thereto, and no deed having been made *377 to the purchaser, and no costs of survey and report having' then been incurred by him. Code of 1873, chap. 38, $$ 16 and 25. And the purchaser not being found in the county, the proof being that he was out of the county at the time, payment was properly made to the clerk. They, nor their attorney, were aware at the time that the purchaser had paid any taxes upon the land since his purchase, or that he had any such claim. If they had been informed of it, there can be no doubt that any just and legal claim he had on that score would have also been paid. Mr. Bybrook who, as attorney for the appellees, made the ^payment for them to the clerk, proves that he got the statement from the clerk of the amount due, which he paid; and that he afterwards informed the appellant that he had paid to the clerk for the appellees the amount of purchase money he had paid for the land, and the damages, &c. He says that appellant made no claim for taxes, which he had paid on the land since the purchase, and that he was under the impression that he had paid none, as he had not gotten a deed. But, on the contrary, that he spoke to him in a way, though he could not recollect his language, which he distinctly recollected induced him to believe that the controversy in relation to the land was finally settled, that Mr. Hale was satisfied, and that the appellees were to have no more trouble, as far as he was concerned, and that appellant requested him to say nothing about it, as he had purchased other lands at the same sale, or words to that effect.
The appellant afterwards refused to receive the money from the clerk, assigning as his reason that no payment had been made of taxes which he claimed to have paid on the land since his purchase, and afterwards caused a survey of the one hundred and thirty-eight acre tract to be made, describing it as the tract of land sold on the 1st day of October, 1860, for the nonpayment of taxes due thereon for the years 1858 and 1859, containing one hundred and thirty acres, to the said Hale, and a deed to be made to him for it by the clerk, which tract, it appears, is much more valuable than the one hundred and thirty acre tract which was sold. He assigns as a reason therefor, that the commissioner had committed an error in describing it as the one hundred and thirty acre tract on the commissioner’s books. If that were so, if the commissioner had put the one hundred and thirty acre tract *on his book by mistake, instead of the one hundred and thirty-eight acre tract, the one hundred and thirty acre tract was sold, and the appellant became the purchaser of that tract. He could not claim to be the purchaser of the one hundred and thirty-eight acre tract if it were true that the commissioner had made a mistake in putting upon his book the one hundred and thirty acre tract, when it ought to have been the one hundred and thirty-eight acre tract. But he furnishes no proof of such mistake. The report of sale, and the receipt given by the sheriff to the appellant for the purchase money, describes the tract sold as one hundred and thirty acres; and there is nothing else in _ the description that is not equally as appli-i cable to that tract as to the one hundred and thirty-eight acre tract.
The appellant files in the cause a memorandum, setting out a claim for purchase money, taxes paid, and other costs incurred by him, with ten per cent, interest, amounting to $48.64. This memorandum includes charges for taxes paid on the one hundred and thirty-eight acre tract subsequent to the sale of the one hundred and thirty acre tract, which is not, however, supported by ' any evidence. But there is no claim even of his having paid any taxes subsequent to the sale on the one hundred and thirty acre tract, which was the tract sold; and there was nothing then on that score to be paid by the heirs to entitle them to redeem. If he chose to pay the taxes upon another tract of the heirs, which was not sold, they were not bound to refund to him those taxes in order to redeem their tract of land which had been sold. The payment then which they made to the clerk of $7.72 being the amount of the purchase money which the appellant paid for the one hundred and thirty acre tract, with ten per cent, interest thereon, as shown by the clerk’s ^receipt, was a redemption of their land which had been sold as aforesaid ; and it would have been a flagrant wrong against them for the appellant afterwards to have had that tract surveyed, and a deed for it made to him by the clerk. But it seems to the court the survey and report of the one hundred and thirty-eight acre tract, and the deed which he caused to be executed to him for the same, was without even a pretext of right; and that there is no error in the decree of the court below, adjudging said deed to be null and void. But we think the court should have gone further, in order to preserve to the appellees their unbroken record of title, and required the appellant to have reconveyed the title of the said tract of land to them, or to have appointed a commissioner to do it for him. The clerk’s receipt, as we have seen, was a full satisfaction by the appellees of their obligation to the appellant, and entitled them to the redemption of their tract of one hundred and thirty acres of land which had been sold as delinquent, and purchased by the appellant; and the clerk, who was before the court, should have been ordered to pay over the same to the appellant. The ap-pellees are not liable for payments made by the appellant for the survey and report, or for the making, stamping and recording of the deed; and the account was properly ordered of the taxes paid by the appellant on the said tract of land from October 1860, but they not being upon the tract of land which was sold and purchasedby the appellant, he was not entitled to ten per cent., but only to six per cent, interest thereon. And the decree may be amended in those particulars.
*378 The court is therefore of opinion, to affirm the decree thus amended with costs, the appellees being: the party substantially prevailing-, and to remand the cause *for the taking of the account in execution of the order as modified. And upon the return of the report, and the payment of the amount' appearing to be due the appellant; which may be paid by the appellees crediting their decree in this court, or the" court below for costs, with the amount, the appellant should be required to reconvey the tract of land aforesaid to them, or upon his default by a commissioner appointed for the purpose.
Decree amended and affirmed.